

WWW.RIVKINRADLER.COM

**MAX GERSHENOFF**
PARTNER
(516) 357-3444
max.gershenoff@rivkin.com

February 3, 2015

<u>VIA ECF</u>

Honorable Sterling Johnson, Jr.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    New York Diagnostic Medical Care, P.C. v. GEICO Casualty Insurance Co.
              Case No. 1:14-cv-05498-SJ-RER
              <u>RR File No.:  005100-01176</u>

Dear Judge Johnson:

As the Court is aware, we represent Defendant GEICO Casualty Co., improperly sued herein as "GEICO Casualty Insurance Co." ("GEICO"), in this matter. On behalf of GEICO, we respectfully request that the Court impose sanctions on Amos Weinberg, Esq. pursuant to 28 U.S.C. § 1927.

By way of background, Mr. Weinberg purported to commence this action on behalf of New York Diagnostic Medical Care, P.C. ("NY Dx"). However, and as GEICO repeatedly has emphasized in this action and in the related against against Mr. Weinberg and others entitled <u>Government Employees Ins. Co., et al. v. New York Diagnostic Medical Care, P.C.</u>, Case No. 1:14–cv-05473-SJ-RER (the "Related Case"), Mr. Weinberg never had any authority to commence this case on behalf of NY Dx. <u>See</u>, e.g., Docket Nos. 11, 14; <u>see also</u> Related Case, Docket No. 24. Indeed, the owner of NY Dx, Carmen Olmedo, M.D., died in April 2010, and the administrator of her estate – her son Christen Olmedo – never met Mr. Weinberg, much less authorized him to commence or prosecute any litigation on behalf of NY Dx, including the present case. <u>Id</u>.

Even so, Mr. Weinberg initially refused to dismiss the present case and, instead, forced GEICO to make a motion to dismiss the present case. <u>See</u> Docket No. 12. Only after GEICO made its motion to dismiss – a motion that included a request for sanctions against Mr. Weinberg pursuant to Section 1927 – did Mr. Weinberg finally stipulate to dismiss this action, with prejudice. <u>See</u> Docket No. 17. Notably, Mr. Weinberg's belated stipulation of dismissal with prejudice came <u>after</u> a December 4, 2014 status conference at which the Court held a hearing on the issue of whether Mr. Weinberg had any authority to represent NY Dx in the first instance – a hearing that concluded with the Court indicating that it would refer Mr. Weinberg to the Grievance Committee.

926 RXR Plaza
Uniondale, NY  11556-0926
T 516.357.3000
F 516.357.3333

555 Madison Avenue
New York, NY  10022-3338
T 212.455.9555
F 212.687.9044

21 Main Street
Court Plaza South
West Wing, Suite 158
Hackensack, NJ  07601-7021
T 201.287.2460
F 201.489.0495



Honorable Sterling Johnson, Jr.
February 3, 2015
Page 2

Because the Court's Individual Rules include a "bundle rule", and because Mr. Weinberg stipulated to dismiss the present action before GEICO's motion to dismiss and for sanctions was fully briefed, the Court did not receive a copy of GEICO's motion to dismiss and for sanctions. A copy of GEICO's motion papers is submitted herewith. Though this action has been dismissed, GEICO respectfully requests that the Court consider the issue of sanctions and award an appropriate sanction against Mr. Weinberg, including the costs and legal fees that GEICO was forced to incur in defending this specious litigation that Mr. Weinberg commenced and prosecuted despite his total lack of authority to do so.

Section 1927 authorizes the courts to sanction an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously." While the standard for triggering sanctions under Rule 11 is "objective unreasonableness," Margo v. Weiss, 213 F.3d 55, 65 (2d Cir. 2000), to impose sanctions under Section 1927, the court must make a finding of "conduct constituting or akin to bad faith," In re 60 E. 80th St. Equities, Inc., 218 F.3d 109, 115 (2d Cir. 2000)(internal quotations and citation omitted). "Unlike Rule 11 sanctions which focus on particular papers, the inquiry under § 1927 is on a course of conduct." Bowler v. U.S. Immigration & Naturalization Serv., 901 F. Supp. 597, 605 (S.D.N.Y. 1995).

Along similar lines, District Courts are authorized under their inherent power "to assess costs and attorneys' fees against either the client or his attorney where a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons … ." Rubio v. City of New York, 2005 U.S. Dist. LEXIS 40163 at * 6 - * 7 (E.D.N.Y. 2005)(Johnson, J.). As with Section 1927 sanctions imposed under a court's inherent power must be predicated by a clear demonstration of bad faith. Id.

Mr. Weinberg clearly commenced and litigated this action in bad faith. As discussed in GEICO's motion papers on its motion to dismiss, this is the latest in a series of lawsuits that Weinberg has purported to file and litigate against GEICO and on behalf of NY Dx since Dr. Olmedo's death in April 2010. Weinberg could not have obtained authority from Dr. Olmedo, the putative sole shareholder of NY Dx, to litigate this lawsuit or any of the other lawsuits on behalf of NY Dx because she was dead. Needless to say, he could not have ascertained or even investigated any of the "facts" alleged in this lawsuit or any of the others, because Dr. Olmedo – his only legitimate interlocutor on those issues – was dead. He did not obtain authority from Dr. Olmedo's estate to commence or litigate this lawsuit, or any of the other lawsuits he purported to file on behalf of NY Dx. Indeed, the only person with authority over Olmedo's estate – her son and estate administrator, Christen Olmedo – never met Mr. Weinberg and had no idea his late mother even owned NY Dx.

In this context – and as GEICO pointed out during the December 4th hearing – it also is worthwhile to note that this is not the first time Mr. Weinberg has purported to represent a deceased doctor against an insurer



Honorable Sterling Johnson, Jr.
February 3, 2015
Page 3

without any actual authority to do so. <u>See</u>, <u>e.g.</u>, <u>Park Health Ctr. v. Country-Wide Ins. Co.</u>, 2 Misc. 3d 737, 741-742 (Civ. Ct. Queens Cty. 2003)(in which the Court sanctioned Mr. Weinberg for similar "sordid conduct leading to months of hearings and motions"). The Court also – in determining whether sanctions are appropriate – might take note of Mr. Weinberg's long professional disciplinary history, which culminated in his suspension from the practice of law for one year. <u>See</u> <u>Matter of Weinberg</u>, 25 A.D.3d 157 (2d Dep't 2005).

Finally, it does not appear as if the dismissal of this action expunges Mr. Weinberg's liability for sanctions pursuant to Section 1927. <u>See</u>, <u>e.g.</u>, <u>Cooter & Gell v. Hartmarx Corp.</u>, 496 U.S. 384, 395-396 (1990)(Courts may consider collateral issues such as sanctions motions after an action no longer is pending).

Accordingly, GEICO respectfully requests that the Court impose an appropriate sanction on Mr. Weinberg, including but not limited to requiring him to pay the costs and attorneys' fees that he forced GEICO to incur in connection with this action.

We appreciate the Court's attention to this matter.

                              Very truly yours,

                              RIVKIN RADLER LLP

                              */s/ Max Gershenoff*
                              Max Gershenoff (MG 4648)

cc:   All counsel via ECF.