UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------X
NEW YORK DIAGNOSTIC MEDICAL CARE P.C.,

     Plaintiff,        Case No.: 1:14-cv-05498-SJ-RER

  -against-

GEICO CASUALTY INSURANCE CO.,

     Defendant.

------------------------------------------------X

## REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR SANCTIONS AGAINST AMOS WEINBERG, ESQ.

            Respectfully submitted,

            RIVKIN RADLER LLP
            926 RXR Plaza
            Uniondale, New York 11556-0926
            RR File No.: 5100-700
            Telephone: (516) 357-3000
            Facsimile: (516) 357-3333

            *Counsel for Defendant,*
            *GEICO Casualty Co.*

Of Counsel:
Barry I. Levy, Esq. (BL 2190)
Max Gershenoff, Esq. (MG 4648)
Michael Schnepper (MS 6953)
Joshua D. Smith (JS 3989)

## TABLE OF CONTENTS

                                                                                                                                                  Page

PRELIMINARY STATEMENT ............................................................................................... 1

ARGUMENT .................................................................................................................................. 2

    I.     Weinberg Falsely Purported to Commence and Prosecute This Action, and Many Others, on Behalf of NY Dx Without any Authority to Do So ............................................. 2

    II.    The Claims Weinberg Purported to Assert on Behalf of NY Dx in the Present Case are in All Material Respects Identical to the Claims Weinberg Purported to Assert on Behalf of NY Dx in the New York County Action ............................................. 4

    III.   Weinberg's Conduct is Sanctionable Under Section 1927 and the Court's Inherent Power ......................................................................................................................... 6

    IV.   The Court Can Impose Sanctions on Weinberg Pursuant to Section 1927 and its Inherent Power Despite the Fact That Weinberg Originally Commenced This Action in State Court ................................................................................................... 9

CONCLUSION ............................................................................................................................... 9

## TABLE OF AUTHORITIES

Page(s)

**Cases**

In re Auction Houses Antitrust Litig.,
  2004 U.S. Dist. LEXIS 23351 ...................................................................................9

Bowler v. U.S. Immigration & Naturalization Serv.,
  901 F. Supp. 597 (S.D.N.Y. 1995)("Unlike Rule 11 sanctions which focus on
  particular papers, the inquiry under § 1927 is on a course of conduct.") .................6

Corsini v. Bloomberg,
  26 F. Supp. 3d 230, 246 (S.D.N.Y. 2014) ..................................................................5

Hollander v. Bauknight,
  2013 U.S. Dist. LEXIS 107938 ..................................................................................9

Kirkland v. City of Peekskill,
  828 F.2d 104 (2d Cir. 1987) .......................................................................................5

New York Diagnostic Medical Care, P.C. v. GEICO Casualty Insurance Co.,
  Index No. 650766/2013 (Sup. Ct. N.Y. Cty.) ............................................ 1, 2, 4, 5, 8

Park Health Ctr. v. Country-Wide Ins. Co.,
  2 Misc. 3d 737 (Civ. Ct. Queens Cty. 2003) .............................................................7

Pentagen Techs. Int'l., Ltd. v. United States,
  172 F. Supp. 2d 464 (S.D.N.Y. 2001)(finding Section 1927 sanctions
  appropriate where litigant filed successive lawsuits that were "designed to
  evade previous rulings" and that caused "needless occupation of judicial
  resources") .................................................................................................................9

Rubio v. City of New York,
  2005 U.S. Dist. LEXIS 40163 ....................................................................................6

Wynder v. McMahon,
  565 Fed. Appx. 11 (2d Cir. 2014)("To impose sanctions under Section 1927, a
  court must find clear evidence that (1) the offending party's claims were
  entirely without color, and (2) the claims were brought in bad faith—that is,
  motivated by improper purposes such as harassment *or* delay.") .........................7

**PRELIMINARY STATEMENT**

Defendant GEICO Casualty Co. ("GEICO" or "Defendant"), improperly sued herein as "GEICO Casualty Insurance Co.", respectfully submits this reply memorandum of law in further support of its motion, pursuant to 28 U.S.C. § 1927 and the Court's inherent power, for an order imposing sanctions on Amos Weinberg, Esq. ("Weinberg").

As discussed at length in GEICO's opening papers on this motion: (i) Weinberg commenced and prosecuted this action, purportedly on behalf of New York Diagnostic Medical Care, P.C. ("NY Dx"), despite the fact that the owner of NY Dx, Carmen Olmedo, M.D., died almost five years ago, and despite the fact that the administrator of Olmedo's estate, her son Christen Olmedo, never met Weinberg, never authorized Weinberg to represent NY Dx, and was unaware of the fact that his late mother even owned NY Dx; and (ii) the claims asserted by Weinberg in this case – purportedly on behalf of NY Dx – are in large part the <u>exact same claims</u> that Weinberg previously purported to assert on behalf of NY Dx in a case entitled <u>New York Diagnostic Medical Care, P.C. v. GEICO Casualty Insurance Co.</u>, Index No. 650766/2013 (Sup. Ct. N.Y. Cty.)(the "New York County Action"), where they were dismissed as meritless; and (iii) Weinberg did not agree to stipulate to dismiss the claims he purported to assert on behalf of NY Dx in this case until after he forced GEICO to make a motion to dismiss.

As the Court may note, there is nothing in Weinberg's opposition papers to suggest that Olmedo or her estate ever authorized Weinberg to commence and prosecute this case on behalf of NY Dx, or – indeed – any of the other cases that Weinberg purported to commence and prosecute on behalf of NY Dx over the course of the past five years. Instead, Weinberg's arguments in opposition to this motion boil down to the following:

1

(i) an apparent contention that Weinberg never needed authorization from Olmedo or her estate to commence and prosecute this action, because Olmedo never really owned NY Dx (see Declaration of Amos Weinberg ("Weinberg Decl."), passim);

(ii) a contention that the claims Weinberg purported to assert on behalf of NY Dx in the present case were not identical to the claims he purported to assert on behalf of NY Dx in the New York County Action (see Weinberg Memorandum of Law ("Weinberg Mem."), pp. 1-2, 12-14);

(iii) a contention that Weinberg's conduct in the present case amounts to the mere filing of a complaint, which is not sanctionable pursuant to Section 1927 (see Weinberg Mem., pp. 2-7);

(iv) a contention that, because Weinberg's conduct did not delay this litigation, there is no basis for Section 1927 sanctions (see Weinberg Mem., pp. 8-10); and

(v) a contention that this Court lacks the authority to impose Section 1927 sanctions because Weinberg commenced this action in state court (see Weinberg Mem., pp. 10-12).

As discussed below, none of these contentions has any merit, and GEICO's motion for sanctions should be granted.

## ARGUMENT

I. **Weinberg Falsely Purported to Commence and Prosecute This Action, and Many Others, on Behalf of NY Dx Without any Authority to Do So**

As the Court may note, Weinberg does not dispute that he never received authorization from Olmedo or her estate to commence this lawsuit, or the many other lawsuits he has purported to commence and prosecute on behalf of NY Dx. See, e.g., Weinberg Decl., ¶¶ 3-6, and passim.

Instead, Weinberg attempts to raise "fact questions" as to whether Olmedo ever owned NY Dx in the first instance and, by extension, as to whether he needed authorization from Olmedo or her estate to commence and prosecute this action. Id. For instance, Weinberg points to the fact that: (i) GEICO alleges that Olmedo purchased her interest in NY Dx from Eleanor Lipovsky, M.D. ("Lipovsky") in late 2009; yet (ii) an unsigned 2010 tax return, which may never

2

have been filed, as well as New York State Education Department records, continued to list Eleanor Lipovsky, M.D. ("Lipovsky") as the owner of NY Dx after late 2009. See Weinberg Decl., ¶¶ 3, et seq. Weinberg contends that this is evidence that the sale of NY Dx from Lipovsky to Olmedo never closed and, as a result, he never needed Olmedo's authorization to commence or prosecute this suit, or the many others that he has purported to file and litigate on behalf of NY Dx. Id.

This is totally absurd. First, and as the Court is aware, Olmedo and Lipovsky entered into a December 30, 2009 Stock Purchase Agreement whereby Olmedo purchased all of Lipovsky's shares in NY Dx. See Declaration of Max Gershenoff ("Gershenoff Decl."), Exhibit "C". Second, and lest there be any doubt as to whether this transaction closed, on March 1, 2010 Olmedo – acting on behalf of NY Dx – entered into an Agreement of Sale with an entity called Alta Enterprises, Inc. ("Alta"), whereby Alta purported to purchase all of NY Dx's accounts receivable. Id., Exhibit "D". Needless to say, Weinberg fails to explain why Olmedo would enter into an agreement on behalf of NY Dx if she had never closed on her purchase of NY Dx from Lipovsky. Third – and again, lest there be any doubt as to whether Olmedo owned NY Dx from 2010 onward – NY Dx and Olmedo's estate entered into a Settlement and Release Agreement releasing all of the claims that Weinberg falsely purported to assert on behalf of NY Dx in this action. See Gershenoff Decl., ¶ 25, Exhibit "F". Notably, neither Lipovsky, nor Weinberg, nor anyone else has challenged the validity of this Settlement and Release Agreement, much less plausibly. Fourth – and tellingly – it is altogether unclear from Mr. Weinberg's papers who, if anyone, ever authorized him to commence and prosecute this lawsuit or the many other lawsuits he has purported to file on behalf of NY Dx since Olmedo's death almost five years ago. Fifth, and perhaps most importantly, during a December 4, 2014 hearing before Judge Johnson in the

Related Case, Lipovsky's counsel, Mark Furman, Esq., confirmed to the Court that Lipovsky had transferred her interest in NY Dx to Olmedo in December 2009. See Supplemental Declaration of Max Gershenoff ("Supp. Gershenoff Decl."), Exhibit "A", pp. 10-13.[1]

What is clear is that Weinberg actually acknowledges in his declaration that he had notice of the March 1, 2010 Agreement of Sale in 2013 – well before he commenced and prosecuted the present action. See Weinberg Decl., ¶ 14 ("I had no knowledge or notice of this agreement before 2013.") That said, Weinberg clearly knew that he could not commence or prosecute this litigation without authorization from Olmedo's estate.[2]

## II. The Claims Weinberg Purported to Assert on Behalf of NY Dx in the Present Case are in All Material Respects Identical to the Claims Weinberg Purported to Assert on Behalf of NY Dx in the New York County Action

Weinberg posits that the Complaint he purported to file on behalf of NY Dx in the present case is not duplicative of the complaint he purported to file on behalf of NY Dx in the New York County Action. See Weinberg Mem., pp. 12-14. In particular, Weinberg contends that the New York County Action "was based upon a well-founded effort to get an adjudication that a peer review is per se not an authorized basis upon which to deny an MRI lab's claims", whereas the present case "sought to litigate the peer reviews on their medical merits." Weinberg says this supposed "distinction" undercuts GEICO's contention that he commenced and prosecuted this litigation duplicatively in a bad faith attempt to vex and harass GEICO. Id.

---

[1] Considering that Weinberg was present at the hearing, it is a bit rich for him to suggest that Olmedo never owned NY Dx or that he never needed authorization from her to commence and prosecute litigation on behalf of NY Dx.

[2] To the extent that the Court has any doubt as to whether Lipovsky sold her interest in NY Dx to Olmedo, whether the transaction "closed", etc., GEICO respectfully requests that the Court conduct a hearing on the subject. As the Court is aware, Lipovsky is a defendant in the Related Case, where GEICO is the plaintiff, and should be readily available to testify on the subject.

4

~~Weinberg's argument does not withstand any serious scrutiny. As the Court may note, the~~ complaint in the present case, much like the Complaint in the New York County Action, alleges that GEICO "meritlessly denied" NY Dx's no-fault claims based on peer reviews. <u>Compare</u>, Docket No. 1-2, ¶ 30, <u>with</u> Gershenoff Decl., Exhibit "H", <u>passim</u>. What is more, and as noted in GEICO's opening papers on this motion, more than 76 percent of NY Dx's/Weinberg's no-fault insurance claims in the present case were the exact same no-fault insurance claims that were at issue in the New York County Action.

Even if, for argument's sake, there was some distinction between the causes of action that Weinberg purported to assert on behalf of NY Dx in the New York County Action and the causes of action Weinberg purported to assert on behalf of NY Dx in the present case, there would be no doubt that: (i) more than 76 percent of the dollars Weinberg sought in the present case were the <u>exact same dollars</u> Weinberg sought in the New York County Action; and (ii) more than 76 percent of the claims in the present case <u>could have been asserted</u> in the New York County Action. Of course, a claim is precluded under New York law "if both causes of action are grounded on the same gravamen or are part of the same 'factual grouping,' even if the later claim is brought under a different theory of recovery." <u>Kirkland v. City of Peekskill</u>, 828 F.2d 104, 110 (2d Cir. 1987), <u>quoting</u> <u>Smith v. Russell Sage College</u>, 54 N.Y.2d 185 (N.Y. 1981).

With that in mind, Weinberg clearly commenced and prosecuted the present action in a bad-faith attempt to vex and harass GEICO through duplicative litigation. In this context, most of Weinberg's claims in the present case clearly were precluded by the dismissal of the New York County Action. While, ordinarily, a dismissal pursuant to N.Y. C.P.L.R. 3211(a)(7) is not on the merits and does not have <u>res judicata</u> effect, a dismissal pursuant to C.P.L.R. 3211(a)(7) <u>is</u> on the merits and <u>is</u> entitled to <u>res judicata</u> effect if "it appears from the judgment that the dismissal was

on the merits." Corsini v. Bloomberg, 26 F. Supp. 3d 230, 246 (S.D.N.Y. 2014). As the Court may note, in its order dismissing the New York County Action, the New York Supreme Court ruled that NY Dx's claims were "without merit as a matter of law". See Gershenoff Decl., Exhibit "H".

### III. Weinberg's Conduct is Sanctionable Under Section 1927 and the Court's Inherent Power

Weinberg goes on to contend, in substance, that: (i) all he did here was file the Complaint; and (ii) Courts are reluctant to impose sanctions under Section 1927 based on the mere filing of a complaint, because to do so would be to side-step the safe harbor provisions that otherwise would be available under Fed. R. Civ. P. 11. See Weinberg Mem., pp. 2-7.

This misses the point. GEICO is not seeking sanctions against Weinberg based simply on the fact that he filed a meritless pleading. Rather, GEICO respectfully requests that the Court focus on Weinberg's entire course of conduct, and determine whether the totality of his conduct indicates the requisite bad faith. See, e.g., Bowler v. U.S. Immigration & Naturalization Serv., 901 F. Supp. 597, 605 (S.D.N.Y. 1995)("Unlike Rule 11 sanctions which focus on particular papers, the inquiry under § 1927 is on a course of conduct."); Rubio v. City of New York, 2005 U.S. Dist. LEXIS 40163 at * 6 - * 7 (E.D.N.Y. 2005)(Johnson, J.)( District Courts are authorized under their inherent power "to assess costs and attorneys' fees against either the client or his attorney where a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons ....")

With that in mind, Weinberg has commenced and prosecuted a large number of lawsuits against GEICO over the course of the past four years, despite his total lack of authority to do so. See Gershenoff Decl., Exhibit "G". The present case is just the most recent example. Even in opposition to the present motion, Weinberg has not identified who – if anyone – ever told him to

commence and prosecute these suits. Olmedo's son and estate administrator – Christen Olmedo – never met Weinberg, and certainly never authorized Weinberg to commence this suit or any of the many others he has purported to litigate on behalf of NY Dx. See Gershenoff Decl., Exhibit "F". GEICO respectfully submits that the Court can, and should, consider the totality of Weinberg's conduct over the course of the past several years in determining whether sanctions are appropriate.[3]

Weinberg posits that Section 1927 sanctions are inappropriate because his conduct has not delayed this litigation. See Weinberg Mem., pp. 8-10. First, delay is not the sine qua non of Section 1927 sanctions. Rather, the requisite bad faith can be demonstrated by showing that an attorney acted with any improper purpose, including harassment. See, e.g., Wynder v. McMahon, 565 Fed. Appx. 11, 13 (2d Cir. 2014)("To impose sanctions under Section 1927, a court must find clear evidence that (1) the offending party's claims were entirely without color, and (2) the claims were brought in bad faith—that is, motivated by improper purposes such as harassment *or* delay.")(Internal quotations and citation omitted)(emphasis added).

Second, and in any event, Weinberg's conduct has delayed the ultimate disposition of this case. Specifically, Weinberg did not offer to stipulate to dismiss the Complaint in this case until November 20, 2015, by which point he already had forced GEICO to prepare and serve a motion to dismiss. See Supp. Gershenoff Decl., ¶ 3. What is more, Weinberg did not offer to stipulate to

---

[3] Weinberg's bad faith is underscored not only by his failure (or inability) to identify who, if anyone, authorized him to commence this lawsuit and the others, but also by his dissembling excuses for his conduct. He contends that other lawyers have engaged in similar conduct, and that he is being unfairly singled out. He contends that GEICO goes too far in pointing out his professional disciplinary history – despite the fact that, among other things, he previously was disciplined for falsely purporting to represent a dead doctor without authority, conduct disturbingly similar to his behavior in the present case. See Park Health Ctr. v. Country-Wide Ins. Co., 2 Misc. 3d 737, 741-742 (Civ. Ct. Queens Cty. 2003)(sanctioning Weinberg for similar "sordid conduct leading to months of hearings and motions").

~~dismiss the Complaint in this case with prejudice on November 20, 2015 — rather, he simply~~ offered to stipulate to dismiss the Complaint without prejudice. Id., ¶ 4. Moreover, Weinberg offered to dismiss the case without prejudice – rather than with prejudice – because he was concerned that a dismissal with prejudice would preclude him from continuing to prosecute his appeal in the Appellate Division from the decision dismissing the New York County Action.[4] Id., ¶ 5. Ultimately, on January 5, 2015 – after forcing GEICO to expend considerable time and resources in connection with this action, including the expense of a motion to dismiss – Weinberg finally stipulated to the dismissal of the claims he purported to assert on behalf of NY Dx in this action, with prejudice. See Docket No. 16.[5] Notably, Weinberg only agreed to dismiss this action with prejudice in early January 2015 after GEICO repeatedly directed the Court's attention to the fact that he was purporting to represent NY Dx in this case without any authority to do so. See Docket Nos. 11, 12, 14; see also Related Case, Docket Nos. 1, 21, 24, 25.[6]

---

[4] As the Court may note, this tends to undermine Weinberg's contention that his Complaint in the present case was not duplicative of the dismissed complaint in the New York County Action.

[5] In GEICO's opening papers on this motion, GEICO mistakenly stated that Weinberg first offered to dismiss this action on January 5, 2015, rather than on November 20, 2015. Weinberg makes much of this mistake, though it is largely irrelevant to this motion. First, by the time he first offered to dismiss this action on November 20th, Weinberg already had commenced this lawsuit without authority, and forced GEICO to prepare and serve a motion to dismiss, and to incur the attendant costs. Second, Weinberg's November 20th offer was limited to a dismissal without prejudice, so that he could continue to vex and harass GEICO through his appeal of the New York County Action and, presumably, file yet another duplicative NY Dx lawsuit without authority at his leisure. It was not until January 5, 2015 that Weinberg agreed to dismiss this case with prejudice, after GEICO repeatedly directed the Court's attention to Weinberg's conduct. Incidentally, on or about January 5th, Weinberg also dismissed his appeal of the New York County Action – again, after GEICO repeatedly directed the Court's attention to his conduct. See Supp. Gershenoff Decl., ¶¶ 3-11.

[6] Indeed, on December 4, 2014, Judge Johnson convened a hearing on the issue. At the conclusion of the hearing, after Weinberg offered a dissembling explanation of how he came to "represent" NY Dx, Judge Johnson indicated that he was referring the matter to the "bar

Accordingly, GEICO respectfully submits that Weinberg's conduct in the present case is part of a course of conduct that goes far beyond the mere filing of a meritless pleading.

IV.     **The Court Can Impose Sanctions on Weinberg Pursuant to Section 1927 and its Inherent Power Despite the Fact That Weinberg Originally Commenced This Action in State Court**

Finally, Weinberg advances a specious argument to the effect that this Court is powerless to impose sanctions pursuant to Section 1927 and its inherent power because Weinberg originally commenced this action in state court. See Weinberg Mem., pp. 10-12. As the Court may note, Weinberg advances no authority that actually stands for this proposition. Id. That is because the proposition is incorrect. See, e.g., In re Auction Houses Antitrust Litig., 2004 U.S. Dist. LEXIS 23351 at * 26 - * 28 (S.D.N.Y. 2004)(sanctioning plaintiffs' attorney for filing an action in California which was later removed to a district court in California and transferred to the Southern District of New York for "caus[ing] defendants to incur excess costs, expenses and attorney's fees in defending against the Second . . . Action and having the matter properly brought before the Court, where it should originally have been brought."); Pentagen Techs. Int'l., Ltd. v. United States, 172 F. Supp. 2d 464, 473-74 (S.D.N.Y. 2001)(finding Section 1927 sanctions appropriate where litigant filed successive lawsuits that were "designed to evade previous rulings" and that caused "needless occupation of judicial resources"); Hollander v. Bauknight, 2013 U.S. Dist. LEXIS 107938 at * 4 - * 5 ( N.D. Ill. 2013)(imposing Section 1927 sanctions on plaintiff's counsel, despite the fact that the action had been commenced in state court, where plaintiff continued to litigate the case in federal court after its removal).

---

association", by which he appeared to mean the Grievance Committee. See Supp. Gershenoff Decl., Exhibit "A", passim.

9

## CONCLUSION

For the aforementioned reasons, GEICO's motion should be granted, together with such other and further relief as to the Court seems just and proper.

Dated: March 5, 2015

        RIVKIN RADLER LLP

        By: /s/ Max Gershenoff
            Barry I. Levy (BL 2190)
            Max Gershenoff (MG 4648)
            Michael Schnepper (MS 6953)
            Joshua D. Smith (JS 3989)
        926 RXR Plaza
        Uniondale, New York 11556
        (516) 357-3000

*Counsel for Defendant GEICO Casualty Co.*